UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jami Jackson, | Case No. 2:22-cv-00958-JCM-DJA |
| Plaintiff, | |
| v. | Order |
| Nevada Speedway, LLC; et al., | |
| Defendants. | |

Before the Court is Plaintiff Jami Jackson's motion to extend the time for service and to serve Defendants Sega Mamoe and Jay Faa aka Jerome Faaloua by publication. (ECF No. 15). Plaintiff asserts that he has already successfully served Defendants Nevada Motor Speedway, LLC; Las Vegas Motor Speedway, LLC; IPS Security Inc.; and Tupulaga Perofeta. (*Id.* at 2-5). Because the Court finds that Plaintiff has demonstrated good cause to extend the time for service but has not demonstrated that the periodicals he proposes are reasonably calculated to give the Defendants actual notice of the proceedings, it grants the motion in part and denies it in part.

> **A.    *The Court denies Plaintiff's request to serve Mamoe and Faa by publication without prejudice.***

Service is to be provided under the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1).  For the Court to determine if service by publication itself is appropriate under Nevada law, it must consider two factors.  First, whether plaintiffs exercised due diligence in attempting to effect personal service on the defendant. Nev. Rev. Civ. P. 4.4(c)(1).  Second, whether the newspaper or periodical in which plaintiff is attempting to publish is reasonably calculated to give the defendant actual notice of the proceedings. Nev. Rev. Civ. P 4.4(c)(2)(D).

Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so.  *See Abreu v. Gilmer*, 115 Nev. 308, 313, 985 P.2d 746, 749-50 (1999)

1  (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)).  Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members.  *See, e.g.*, *Price v. Dunn*, 106 Nev. 100, 102-04 787 P.2d 786, 786-87 (Nev. 1990); *Abreu*, 115 Nev. at 313, 985 P.2d at 749-50; *McNair v. Rivera*, 110 Nev. 463, 464-68, 874 P.2d 1240, 1241-44 (Nev. 1994).  Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc. v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).  In ordering service by publication, the Court must "direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or in any combination of locations." Nev. R. Civ. P. 4.4(c)(4)(A).  The Court's designated locations "must be reasonably calculated to give the defendant actual notice of the proceedings." *Id.*

While the Court finds that Plaintiff has established due diligence in attempting to locate and serve Mamoa and Faa, it lacks the information to order that the periodicals Plaintiff suggests are reasonably calculated to give Mamoa and Faa actual notice of the proceedings.  Plaintiff asserts that he will publish a copy of the summons for Mamoa in "the Spectrum, a daily newspaper of general circulation or other appropriate publication, approximately five (5) times over the course of four (4) weeks."  (ECF No. 15 at 10).  He asserts that he will publish a copy of the summons for Faa in the "Orange County Register, a daily newspaper of general circulation, or other appropriate publication, approximately five (5) times over the course of four (4) weeks." (*Id.*).  But Plaintiff does not explain why these publications are reasonably calculated to give these Defendants notice of the proceedings.  Because the Nevada rule requires that the Court's designated locations "must" be reasonably calculated to give the defendant actual notice of the proceedings, Plaintiff's assertions that the newspapers he proposes are of "general circulation," without more, do not give the Court sufficient facts on which to base its order.  The Court thus denies Plaintiff's motion in part regarding his request for service by publication without prejudice.

### B. The Court grants Plaintiff's motion to extend time for service.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

Plaintiff has also established that an extension of time is warranted. Despite diligent attempts to serve Defendants, Plaintiff still has been unable to serve Mamoe and Faa. Because the service deadline is imminent, an extension is appropriate to give Plaintiff the time to attempt service on the remaining Defendants. The Court thus grants Plaintiff's motion in part regarding his request to extend time for service.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 15) is **granted in part and denied in part**. Plaintiff's request to serve Mamoa and Faa by publication is **denied without prejudice.** Plaintiff's request to extend the time for service is **granted.** Plaintiff must accomplish service by **November 7, 2022.**

DATED: August 9, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE