# EXHIBIT "A"

Electronically Filed
5/11/2022 5:07 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-22-852460-C
Department 17

**COMP**

FARHAN R. NAQVI
Nevada Bar No. 8589
SARAH M. BANDA
Nevada Bar No. 11909
NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
sarah@naqvilaw.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JAMI JACKSON, individually,<br><br>Plaintiff,<br>vs.<br><br>NEVADA SPEEDWAY, LLC; LAS VEGAS MOTOR SPEEDWAY, LLC; IPS SECURITY INC.; SEGA MAMOE, individually; JAY FAA, individually; TUPULAGA PEROFETA, individually; DOES 1 to 100 and ROE CORPORATIONS 1 to 100, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.<br><br>**COMPLAINT** |

Plaintiff JAMI JACKSON, by and through his attorney of record, FARHAN R. NAQVI of NAQVI INJURY LAW, complains against Defendant NEVADA SPEEDWAY, LLC; LAS VEGAS MOTOR SPEEDWAY, LLC; IPS SECURITY INC.; SEGA MAMOE, individually; JAY FAA, individually; TUPULAGA PEROFETA, individually, and DOES 1 to 100 and ROE CORPORATIONS 1 to 100 (collectively "Defendants") as follows:

///

**PARTIES AND JURISDICTION**

1. Plaintiff JAMI JACKSON ("Plaintiff") is and, at all times mentioned herein, was a resident of the County of Clark, State of Nevada.

2. Defendant NEVADA SPEEDWAY, LLC, upon information and belief, is and, at all times relevant herein, was a foreign limited-liability company licensed and conducting business in Clark County, Nevada.

3. Defendant LAS VEGAS MOTOR SPEEDWAY, LLC, upon information and belief, is and, at all times relevant herein, was a domestic limited-liability company licensed and conducting business in Clark County, Nevada.

4. Defendant IPS SECURITY INC., upon information and belief, is and, at all times relevant herein, was a foreign limited-liability company licensed and conducting business in Clark County, Nevada.

5. Defendant SEGA MAMOE ("Defendant MAMOE"), upon information and belief, is and, at all times mentioned herein, was a resident of the State of Utah.

6. Defendant JAY FAA ("Defendant FAA"), upon information and belief, is and, at all times mentioned herein, was a resident of the State of California.

7. Defendant TUPULAGA PEROFETA ("Defendant PEROFETA"), upon information and belief, is and, at all times mentioned herein, was a resident of the State of Washington.

8. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 to 100 and ROE CORPORATIONS 1 to 100, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES 1 to 100 and ROE CORPORATIONS 1 to 100 is responsible in some

manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES 1 to 100 and ROE CORPORATIONS 1 to 100 arises out of, but is not limited to, their agency, master/servant or joint venture relationship with the named Defendants. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

9. That at all times pertinent, Defendants were agents, servants, employees, or joint venturers of every other Defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission and consent of all other named Defendants.

10. At all times relevant herein, Defendants' employees and/or authorized agents contributed to and/or caused the circumstances resulting in the subject incident described below, and said employees and/or agents were acting within the course and scope of such employment and/or agency at the time, thereby rendering Defendants liable for the negligent acts of said employees and/or agents under the doctrine of vicarious liability/respondeat superior.

11. That the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada on or near the premises of The Las Vegas Motor Speedway located at 7000 Las Vegas Boulevard North, Las Vegas, Nevada 89115 (hereinafter the "Premises"), which, upon information and belief, at all times mentioned herein, was owned, maintained, managed, operated, constructed, installed, inspected, created and/or controlled by Defendants and/or that Defendants were otherwise responsible for the area on the Premises where the subject incident occurred and/or that Defendants were otherwise responsible for

the subject Defendant Employees that are described more fully below and/or that Defendants are otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

12. This Court has jurisdiction over this matter as this is a civil action arising from an incident that occurred within Clark County, Nevada, involving resident parties and an amount in controversy in excess of the sum of $15,000.00, exclusive of costs and interest.

**GENERAL FACTUAL ALLEGATIONS**

13. That, upon information and belief, at all times mentioned herein, Defendants MAMOE, FAA, and PEROFETA were employees and/or authorized agents of Defendants NEVADA SPEEDWAY, LLC; LAS VEGAS MOTOR SPEEDWAY, LLC; and IPS SECURITY INC (collectively "Defendant SPEEDWAY") and were acting within the course and scope of such employment and/or agency at all times herein relevant.

14. That on October 18, 2021, in Clark County, Nevada, Plaintiff, attempted to lawfully enter the Las Vegas Motor Speedway and was thereafter physically assaulted, battered and beaten by Defendants MAMOE, FAA, and PEROFETA.

15. That as a direct and proximate result of Defendants' acts, Plaintiff sustained injuries to, including but not limited to, his head, chest, neck, back, arms, knees, legs, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

16. That as a direct and proximate result of Defendants' acts, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

17. That Defendants MAMOE, FAA, and PEROFETA knew, or should have known, that they had a duty to act in a safe and reasonable manner. Despite understanding the duties owed, Defendants MAMOE, FAA, and PEROFETA acted with extreme recklessness, showing a willful, deliberate, wonton, and conscious disregard for the safety of Plaintiff when they handled Plaintiff with excessive force, thereby subjecting Plaintiff to cruel and unjust hardship. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

18. Defendant SPEEDWAY knew or should have known that it had a duty to act in a safe and reasonable manner in the hiring, training, supervising, and retention of its employees. Despite understanding the duties owed, Defendant SPEEDWAY acted with extreme recklessness, showing a willful, deliberate, wonton, and conscious disregard for the safety of others, including Plaintiff, when it, among other things, hired and retained Defendants MAMOE, FAA, and PEROFETA, thereby subjecting Plaintiff to cruel and unjust hardship. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

19. That as a direct and proximate result of the aforementioned acts of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**<u>FIRST CAUSE OF ACTION</u>**
***(Negligence/Respondeat Superior/Vicarious Liability)***

20. Plaintiff incorporates paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth herein.

21. Defendants MAMOE, FAA, and PEROFETA owed Plaintiff a duty of care to act in a reasonable and safe manner.

22. Defendants MAMOE, FAA, and PEROFETA breached that duty of care by hitting and/or handling Plaintiff with excessive force.

23. Upon information and belief, at all times relevant herein, Defendants MAMOE, FAA, and PEROFETA were employees and/or authorized agents of Defendant SPEEDWAY, and were acting within the course and scope of such employment and/or agency.

24. Upon information and belief, Defendant SPEEDWAY is liable for the negligent acts of its employees and/or agents, Defendants MAMOE, FAA, and PEROFETA, under the doctrine of vicarious liability/respondeat superior.

25. Defendant SPEEDWAY acted in a willful, malicious, intentional, oppressive, sadistic and/ or despicable manner with a willful and/or conscious disregard of the rights, welfare and safety of others, including Plaintiff, when it, among other things, hired and retained Defendants MAMOE, FAA, and PEROFETA despite Defendants MAMOE, FAA, and PEROFETA's believed history of violent and aggressive behavior towards others, thereby subjecting Plaintiff to cruel and unjust hardship. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

26. Defendants MAMOE, FAA, and PEROFETA'S actions were willful, malicious, intentional, oppressive, sadistic and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff when they, among other things, hit and/or handled Plaintiff with excessive force, thereby subjecting Plaintiff to cruel and unjust hardship. Defendant SPEEDWAY had advanced notice directly and, in authorizing and ratifying the conduct of each of them, acted despicably and with a willful and conscious disregard of the rights and safety of others and is liable for exemplary and

punitive damages. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

27. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

28. That as a direct and proximate result of the aforementioned acts of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
***(Civil Assault)***

29. Plaintiff incorporates paragraphs 1 through 28 of the Complaint as though said paragraphs were fully set forth herein.

30. Plaintiff asserts a claim of assault against Defendants MAMOE, FAA, and PEROFETA based upon the actions of Defendants MAMOE, FAA, and PEROFETA as set forth herein.

31. That, upon information and belief, Defendants MAMOE, FAA, and PEROFETA unlawfully and without consent attempted to use physical force against Plaintiff and/or intentionally placed Plaintiff in reasonable apprehension of immediate bodily harm and offensive contact by, among other things, striking Plaintiff in the body and/or handling him with excessive force.

32. That Defendants MAMOE, FAA, and PEROFETA's aforementioned actions placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

33. As a direct and proximate result of Defendants MAMOE, FAA, and PEROFETA's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.

34. Defendants MAMOE, FAA, and PEROFETA's actions were willful, malicious, intentional, oppressive, sadistic and despicable, and were done in willful and conscious

disregard of the rights, welfare and safety of Plaintiff when they, among other things, hit and/or handled Plaintiff with excessive force, thereby subjecting Plaintiff to cruel and unjust hardship. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

35. That as a direct and proximate result of the aforementioned actions of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**THIRD CAUSE OF ACTION**
***(Civil Battery)***

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as though said paragraphs were fully set forth herein.

37. Plaintiff asserts a claim of battery against Defendants MAMOE, FAA, and PEROFETA based upon the actions of Defendants MAMOE, FAA, and PEROFETA as set forth herein.

38. Defendants MAMOE, FAA, and PEROFETA committed an unconsented, unlawful, intentional, harmful, and offensive touching against Plaintiff when they struck Plaintiff in the body and/or handled him with excessive force.

39. That, upon information and belief, Defendants MAMOE, FAA, and PEROFETA wrongfully, willfully and unlawfully struck Plaintiff and/or handled him with excessive force without just provocation or cause, and intended to seriously harm Plaintiff.

40. As a direct and proximate result of Defendants MAMOE, FAA, and PEROFETA's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.

41. Defendants MAMOE, FAA, and PEROFETA's actions were willful, malicious, intentional, oppressive, sadistic and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff when they, among other things, hit

and/or handled Plaintiff with excessive force, thereby subjecting Plaintiff to cruel and unjust hardship. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

42. That as a direct and proximate result of the aforementioned actions of Defendant MAMOE, FAA, and PEROFETA, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FOURTH CAUSE OF ACTION**
***(Negligence Per Se)***

43. Plaintiff incorporates paragraphs 1 through 42 of the Complaint as though said paragraphs were fully set forth herein.

44. The acts of Defendant MAMOE, FAA, and PEROFETA as described herein violated statutes of the State of Nevada and Clark County including, but not limited to, NRS 200.471 and NRS 200.481, constituting negligence per se.

45. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

46. Defendants MAMOE, FAA, and PEROFETA's actions were willful, malicious, intentional, oppressive, sadistic and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff when they, among other things, hit and/or handled Plaintiff with excessive force, thereby subjecting Plaintiff to cruel and unjust hardship. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

47. That as a direct and proximate result of the aforementioned acts of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIFTH CAUSE OF ACTION**
***(Negligent Hiring)***

48. Plaintiff incorporates paragraphs 1 through 47 of the Complaint as though said paragraphs were fully set forth herein.

49. Defendants owed Plaintiff several duties including, but not limited to, the following:

    a. The duty to keep Plaintiff safe from the negligent acts of their employees;

    b. The duty to provide and hire responsible employees, including implementing adequate policies and procedures therefor; and

    c. The duty to conduct reasonable investigations into the backgrounds of their employees.

50. Upon information and belief, Defendants breached these duties by, among other things:

    a. Hiring individuals, including Defendants MAMOE, FAA, and PEROFETA, who were not qualified and/or competent for their positions;

    b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, including Defendants MAMOE, FAA, and PEROFETA;

    c. Failing to implement adequate policies and/or procedures for hiring employees, including Defendants MAMOE, FAA, and PEROFETA; and/or

    d. Failing to adequately train their employees, including Defendants MAMOE, FAA, and PEROFETA, who they knew would be overseeing the Premises.

51. Defendants, their officers, directors and/or managing agents had advanced knowledge that their employees who maintained, managed, operated, inspected, secured and/or controlled the Premises were unfit for the purposes of the employment and employed such employees with a conscious disregard of the rights or safety of others, including Plaintiff.

52. Defendants, their officers, directors, and/or managing agents expressly authorized or ratified their employees/agents' conduct in failing to take the necessary actions mentioned above.

53. Defendants, their officers, directors and/or managing agents acted with oppression, fraud or malice and acted with conscious disregard for the safety of others, including Plaintiff, thereby subjecting Plaintiff to cruel and unjust hardship when they failed to hire individuals who were qualified or competent for their positions to properly maintain, manage, operate, inspect, secure, and/or control the Premises, and failed to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, despite having knowledge that these individuals were unfit the purposes of their employment.

54. The acts of Defendants were intentional, willful, and despicable misconduct.

55. That Defendants are guilty of malice for their despicable conduct described above which Defendants engaged in with a conscious disregard for the rights, safety, and well-being of members of the public, including Plaintiff. Defendants are also guilty of oppression for their despicable conduct that subjected members of the public, including Plaintiff, to cruel and unjust hardship with conscious disregard for the rights, safety, and well-being of members of the public, including Plaintiff. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

56. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

///

///

57. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SIXTH CAUSE OF ACTION**
***(Negligent Training and Supervision)***

58. Plaintiff incorporates paragraphs 1 through 57 of the Complaint as though said paragraphs were fully set forth herein.
59. Defendants owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees. This duty required Defendants to train and supervise employees, including Defendants MAMOE, FAA, and PEROFETA, to ensure that these employees acted without negligence.
60. Defendants breached this duty when they failed to properly train and supervise employees, including Defendants MAMOE, FAA, and PEROFETA, whose negligence caused injury to Plaintiff as alleged herein. If Defendants had properly trained and supervised their employees, including Defendants MAMOE, FAA, and PEROFETA, this negligence would not have occurred.
61. Defendants, their officers, directors and/or managing agents had advanced knowledge that their employees who maintained, managed, operated, inspected, secured, and/or controlled the Premises were unfit for the purposes of the employment and did not properly train and/or supervise such employees with a conscious disregard of the rights or safety of others, including Plaintiff.
62. Defendants, their officers, directors and/or managing agents acted with oppression, fraud or malice and acted with conscious disregard for the safety of others, including Plaintiff,

thereby subjecting Plaintiff to cruel and unjust hardship when they failed to properly train and/or supervise their employees on how to maintain, manage, operate, inspect, secure, and/or control the Premises.

63. Defendants, their officers, directors, and/or managing agents expressly authorized or ratified their employees/agents' conduct in failing to take the necessary actions mentioned above.

64. The acts of Defendants were intentional, willful, and despicable misconduct.

65. That Defendants are guilty of malice for their despicable conduct described above which Defendants engaged in with a conscious disregard for the rights, safety, and well-being of members of the public, including Plaintiff. Defendants are also guilty of oppression for their despicable conduct that subjected members of the public, including Plaintiff, to cruel and unjust hardship with conscious disregard for the rights, safety, and well-being of members of the public, including Plaintiff. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

66. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

67. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SEVENTH CAUSE OF ACTION**
***(Negligent Retention)***

68. Plaintiff incorporates paragraphs 1 through 67 of the Complaint as though said paragraphs were fully set forth herein.

///

69. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees.

70. Upon information and belief, Defendants breached this duty when they negligently retained employees, including Defendants MAMOE, FAA, and PEROFETA, even though they knew, or should have known, that these employees lacked the qualifications and/or competence for their position.

71. Defendants, their officers, directors and/or managing agents had advanced knowledge that their employees who maintained, managed, operated, inspected, secured, and/or controlled the Premises were unfit for the purposes of the employment and employed such employees with a conscious disregard of the rights or safety of others, including Plaintiff.

72. Defendants, their officers, directors and/or managing agents expressly authorized or ratified the wrongful acts of its employees including, but not limited to, the employees' failure to properly maintain, manage, operate, inspect, secure, and/or control the Premises.

73. Defendants, their officers, directors and/or managing agents acted with oppression, fraud or malice and acted with conscious disregard for the safety of others, including Plaintiff, thereby subjecting Plaintiff to cruel and unjust hardship when they failed to properly maintain, manage, operate, inspect, secure, and/or control the Premises and the Dangerous Conditions, and maintained employees who did the same.

74. Defendants, their officers, directors, and/or managing agents expressly authorized or ratified their employees/agents' conduct in failing to take the necessary actions mentioned above.

75. The acts of Defendants were intentional, willful, and despicable misconduct.

///

76. That Defendants are guilty of malice for their despicable conduct described above which Defendants engaged in with a conscious disregard for the rights, safety, and well-being of members of the public, including Plaintiff. Defendants are also guilty of oppression for their despicable conduct that subjected members of the public, including Plaintiff, to cruel and unjust hardship with conscious disregard for the rights, safety, and well-being of members of the public, including Plaintiff. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

77. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

78. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JAMI JACKSON, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For exemplary and/or punitive damages in an amount in excess of $15,000.00;
4. For reasonable attorney's fees and costs;
5. For interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED this *11th* day of May, 2022

NAQVI INJURY LAW

By: */s/ Sarah M. Banda*
FARHAN R. NAQVI
Nevada Bar No. 8589
SARAH M. BANDA
Nevada Bar No. 11909
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*