UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMI JACKSON,

Plaintiff(s),

v.

NEVADA SPEEDWAY, LLC, et al.,

Defendant(s).

Case No. 2:22-CV-958 JCM (DJA)

ORDER

Presently before the court is plaintiff Jami Jackson ("plaintiff")'s motion to remand.  (ECF No. 29).  Defendant Nevada Speedway, LLC ("Nevada Speedway"), responded.  (ECF No. 30).  Plaintiff replied.  (ECF No. 31).

I.      **BACKGROUND**

The instant action was initiated on May 11, 2022, when plaintiff filed a complaint in state court alleging that he was physically assaulted by employees of Nevada Speedway.  (ECF No. 3-1).  Plaintiff filed an amended complaint on June 1, 2022, and Nevada Speedway timely removed the matter to this court on June 16, 2022.  (ECF No. 1).  Seven defendants are named in plaintiff's complaint; only one—defendant Sega Mamoe ("Mamoe")—is a resident of Nevada.

At the time of removal, Nevada Speedway had been served, but Mamoe had not.  Thus, Nevada Speedway's removal is considered a "snap removal," when a defendant removes the matter to federal court before a forum defendant has been served.  The parties dispute whether this was proper, and plaintiff moves to remand this matter back to state court because Mamoe is a forum defendant, and removal thus violates the forum defendant rule.

. . .

. . .

James C. Mahan
U.S. District Judge

## II.     LEGAL STANDARD

A defendant can remove any civil action over which the district court has original jurisdiction.  28 U.S.C. § 1441(a).  Yet federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  That is why there is a strong presumption against removal jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand.  28 U.S.C. § 1447(c).  To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The court will resolve all ambiguities in favor of remand.  *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "**any** of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive removal defects."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

## III.    DISCUSSION

Because Mamoe is a properly joined forum defendant, the forum defendant rule in section 1441(b)(2) applies.  The court must now consider if Nevada Speedway's snap removal was proper.

Snap removal is the tactic of removing a diversity case before a forum defendant has been served.  The Second, Third, Fifth, and Sixth circuits endorse the tactic,[1] but the Ninth has not squarely addressed it.  Snap removal is performed against the backdrop of the forum defendant rule, which "is a procedural, or non-jurisdictional, rule."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936.  Unlike jurisdictional rules, procedural rules may not be addressed *sua sponte* by the

---

[1] *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001).

James C. Mahan
U.S. District Judge

1    court.  *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005).  The forum defendant rule's

2    characterization as a procedural—rather than jurisdictional—rule has led to this new form of

3    jurisdictional gamesmanship in litigation.[2]

4         Nevada Speedway relies primarily on a plain reading of § 1441(b), asserting that its snap

5    removal was proper because no forum defendant had been served at the time of removal.  (ECF

6    No. 30).  Plaintiff argues that this district has almost exclusively held that snap removal is improper

7    if there is any named forum defendant—regardless of whether they have been served.  (ECF No.

8    31 (collecting cases)); *see Bank of Am., N.A. v. Fidelity Nat'l Title Grp., Inc.*, 594 F.Supp.3d 1234,

9    1241 (D. Nev. 2022).

10        The court follows its own precedent.  Snap removal contravenes the removal statute's

11    purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum

12    defendant.  Some appellate courts have determined that the "properly joined and served" language

13    in § 1441(b)(2) renders the statute clear and unambiguous, allowing snap removal before any

14    defendant is served.  However, not all courts agree.  Many judges in the district reason that the

15    word "any" in "any of the parties in interest properly joined and served" necessarily means that

16    the statute assumes one party has been served.  28 U.S.C. § 1441(b)(2); *see Wells Fargo Bank,*

17    *N.A. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-00461-JCM-NJK, 2020 WL 5898779, at *2

18    (D. Nev. Oct. 5, 2020).

19        The fact that reasonable jurists differ on the statute's language evidences its ambiguity.  To

20    the extent there is ambiguity here—including uncertainty and unsettled law in the Ninth Circuit—

21    the court resolves the ambiguity in favor of remand.  *Hunter v. Philip Morris USA*, 582 F.3d 1039

22    (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

23        Accordingly, because Mamoe is a forum defendant, remand is appropriate.

24    . . .

25    . . .

26    
27    _____

[2] The ubiquity of electronic docketing has also contributed to the rise in snap removals.
*See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service
28    removal by means of monitoring the electronic docket smacks more of forum shopping by a
defendant, than it does of protecting the defendant from the improper joinder of a forum defendant
that plaintiff has no intention of serving." (emphasis added).

James C. Mahan
U.S. District Judge

1

**IV.     CONCLUSION**

2

Accordingly,

3

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank Trustee's

4

motion to remand (ECF No. 29) be, and the same hereby is, GRANTED.

5

IT IS FURTHER ORDERED that the clerk shall **REMAND this case back to the Eighth**

6

**Judicial District Court for Clark County, Nevada, Case No. A-22-852460-C,** and CLOSE this

7

case.

8

DATED May 26, 2023.

9

10

UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -